IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

ROBERT ALLEN                                                                                    PLAINTIFF

      v.                              Civil No.   15-3062

PAUL WOODRUFF, Chief of Police,
Harrison, Arkansas; J.W. SALLER,
Transportation Officer; SHERIFF
MIKE MOORE, Boone County,
Arkansas; and SERGEANT GOODMAN                                                DEFENDANTS


### REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

      This is a civil rights action filed by the Plaintiff pursuant to 42 U.S.C. § 1983.  Plaintiff proceeds *pro se* and *in forma pauperis* (IFP).  When Plaintiff filed this case he was advised of his obligation to keep the Court informed of his current address at all times.

      When Plaintiff filed this case on August 3, 2015, Plaintiff was incarcerated in the Boone County Detention Center.  On October 8, 2015, Plaintiff's address was changed (Doc. 22) to a private address in Illinois and the Plaintiff was reminded of his obligation to keep the Court informed of his current address.

      On October 19, 2015, mail was returned from the Illinois address with a notation that the Plaintiff had moved and left no forwarding address.  The Court obtained the Plaintiff's current address at the Hancock County Public Safety Complex in Bay St. Louis, MS 39520 and a change of address was entered (Doc. 23) on the Plaintiff's behalf.   On November 2, 2015, mail was returned as undeliverable with the notation that Plaintiff was no longer at the facility.

      Plaintiff has not communicated with the Court since he filed his objections (Doc. 14) to the

first report and recommendation on September 4, 2015.  Plaintiff has not kept the Court informed of his current address.  The changes of addresses that were made were based on research conducted by Court staff.  All mail sent to the Plaintiff since October 8, 2015, has been returned as undeliverable.

I therefore recommend that this case be dismissed based on Plaintiff's failure to obey an Order of the Court and his failure to prosecute this action.  Fed. R. Civ. P. 41(b).

**The Plaintiff has fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1).  The failure to file timely objections may result in waiver of the right to appeal questions of fact.  The Plaintiff is reminded that objections must be both timely and specific to trigger de novo review by the district court.**

DATED this 16th day of November, 2015.

/s/ Mark E. Ford
HON. MARK E. FORD
UNITED STATES MAGISTRATE JUDGE